UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **7-ELEVEN, INC.**, a Texas corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>**7 ELEVEN FAMILY CORPORATION**, a Georgia corporation; **7 ELEVEN FOOD CORPORATION**, a Georgia corporation; and **VASKAR CHANDA**, an individual,<br><br>           Defendants. | Case No._____ |

### COMPLAINT FOR TRADEMARK COUNTERFEIT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND TRADEMARK DILUTION

Plaintiff 7-Eleven, Inc. ("7-Eleven") complains against defendants, 7 Eleven Family Corporation ("7 Eleven Family"), 7 Eleven Food Corporation ("7 Eleven Food"), and Vaskar Chanda (collectively, "Defendants"), collectively doing business as 7 ELEVEN, as follows:

### COUNT I:   TRADEMARK COUNTERFEIT AND INFRINGEMENT

1.   Plaintiff, 7-Eleven, Inc., is a Texas Corporation having its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

2. Defendant 7 Eleven Family Corporation ("7 Eleven Family"), upon information and belief, is a Georgia corporation having a principal office address at 1185 Sweetwater Circle, Lawrenceville, Georgia 30044, and is doing business at 481 North Clarendon Avenue, Scottsdale, Georgia 30079 as 7 ELEVEN GROCERY.

3. Defendant 7 Eleven Food Corporation ("7 Eleven Food"), upon information and belief, is a Georgia corporation having a principal office address at 1185 Sweetwater Circle, Lawrenceville, Georgia 30044, and is doing business as 7 ELEVEN.

4. Defendant Vaskar Chanda, upon information and belief, is not a citizen of Texas and is Chief Executive Officer, Chief Financial Officer, Secretary, registered agent and a controlling principal of both defendants 7 Eleven Family and 7-Eleven Food.

5. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

6.   Venue is proper in the Northern District of Georgia in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

7.   7-Eleven is engaged in the business of, *inter alia*, offering convenience store services and products to the general public at various locations throughout the United States.

8.   7-Eleven has provided its aforesaid convenience store services under the trade name and mark 7-ELEVEN since at least as early as 1946.

9.   There are currently over 7,800 convenience stores throughout the United States operated by 7-Eleven or its franchisees under the aforesaid 7-ELEVEN name and mark.

4830-1355-5487.1

10. 7-Eleven's 7-ELEVEN name and mark is frequently displayed, among other places, on signage affixed to or near convenience stores operated by 7-Eleven and its franchisees. A common display of the 7-ELEVEN name and mark features an Arabic numeral "7'' followed immediately by the word "eleven", all appearing on the same plane, as depicted below:



11. Since long prior to the acts of the Defendants complained of herein, 7-Eleven and its franchisees annually have sold billions of dollars of products and services nationally under its aforesaid 7-ELEVEN name and mark, and have annually spent millions of dollars to advertise and promote those products and services nationally under the aforesaid 7-ELEVEN name and mark.

12. By virtue of the aforesaid extensive use, advertising, and promotion, each of 7-Eleven's aforesaid 7-ELEVEN name and mark have become extremely well known among consumers, and have acquired a strong secondary meaning signifying 7-Eleven, and each are now famous.

4

13. 7-Eleven has registered its aforesaid 7-ELEVEN name and mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN & Design | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN & Design | 920,897 | 09/21/1971 | Retail grocery store services |
| 7-ELEVEN & Design | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN & Design | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN & Design | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN & Design | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| 7-ELEVEN & Design | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |

5

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN & Design | 2,751,552 | 08/19/2003 | Clothing, namely caps; Sporting goods, namely golf balls |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts; Sporting goods, namely golf balls |
| 7-ELEVEN & Design | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| 7-ELEVEN & Design | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| 7-ELEVEN & Design | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472;

6

2,642,740; 2,685,684; 2,834,419; and 2,914,788 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

14. 7-Eleven now owns an invaluable goodwill which is symbolized by each of its name and mark 7-ELEVEN, and the use of each of these trade identities substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

15. Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid trade identities, upon information and belief, Defendants commenced using at their convenience store at 481 North Clarendon Avenue, Scottsdale, Georgia 30079 a counterfeit of the 7-ELEVEN name and mark by, among other things, adopting and using for convenience store services a mark that is identical or substantially indistinguishable from 7-Eleven's registered trademark 7-ELEVEN, specifically using the 7 ELEVEN name and mark displayed as an Arabic numeral "7'' followed immediately by the word "eleven", all appearing on the same plane, as depicted below:



16.   Upon information and belief, Defendants adopted their 7 ELEVEN name and mark (*hereinafter* "Counterfeit 7 ELEVEN name and mark") for convenience store services in order to trade upon the fame and goodwill represented by 7-Eleven's aforesaid trade identities.

17.   Defendants' use of each of the Counterfeit 7 ELEVEN name and mark falsely and deceptively represents that Defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and Defendants' use is likely to cause confusion with 7-Eleven's or its franchisees' use of 7-Eleven's aforesaid famous 7-ELEVEN name and mark, or otherwise to cause deception or mistake as to source, sponsorship, or approval of Defendants' aforesaid convenience store services and products.

4830-1355-5487.1

18. The aforesaid unauthorized use of Defendants' Counterfeit 7 ELEVEN name and mark infringes 7-Eleven's 7-ELEVEN mark, in violation of 7-Eleven's federal trademark rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1114.

19. Defendants' Counterfeit 7 ELEVEN mark constitutes a counterfeit of 7-Eleven's federally registered 7-ELEVEN mark within the meaning of Section 34 of the United States Trademark Act, 15 U.S.C. § 1116, including, *inter alia*, Reg. No. 896,654 and Reg. No. 2,685,684.

20. Defendants' aforesaid acts are greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven unless and until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION

21. 7-Eleven realleges and incorporates paragraphs 1 through 12, 14 through 17, and 20 of this Complaint herein.

22. The aforesaid unauthorized use of each of Defendants' Counterfeit 7 ELEVEN name and mark constitute a misleading use of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of 7-Eleven's rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1125(a).

4830-1355-5487.1

**COUNT III: GEORGIA DECEPTIVE TRADE PRACTICES**

23. 7-Eleven realleges and incorporates paragraphs 1 through 12, 14 through 17, and 20 of this Complaint herein.

24. Upon information and belief, Defendants have acted willfully and in bad faith in perpetrating the above described deceptive trade practices.

25. The aforesaid unauthorized use of each of Defendants' Counterfeit 7 ELEVEN name and mark constitutes engagement in deceptive trade practices that are greatly damaging to 7-Eleven, in violation of the Uniform Deceptive Trade Practices Act of the State of Georgia, Ga. Code Ann. §§ 10-1-370 *et seq*.

**COUNT IV: GEORGIA COMMON LAW UNFAIR COMPETITION**

26. 7-Eleven realleges and incorporates paragraphs 1 through 12, 14 through 17, and 20 of this Complaint herein.

27. The aforesaid unauthorized use of each of Defendants' Counterfeit 7 ELEVEN name and mark constitutes unfair competition under the common law of the State of Georgia, Ga. Code Ann. § 23-2-55.

**COUNT V: FEDERAL TRADEMARK DILUTION**

28. 7-Eleven realleges and incorporates paragraphs 1 through 17 and 20 of this Complaint herein.

29. Since long prior to the acts of Defendants complained of herein, 7-Eleven's 7-ELEVEN mark has become famous within the meaning of 15 U.S.C. § 1125(c)(2)(A).

4830-1355-5487.1

30. The aforesaid unauthorized use of each of Defendants' Counterfeit 7 ELEVEN name and mark dilutes the distinctiveness of 7-Eleven's 7-ELEVEN mark in violation of 7-Eleven's rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1125(c).

### COUNT VI: GEORGIA STATE TRADEMARK DILUTION

31. 7-Eleven realleges and incorporates paragraphs 1 through 12, 14 through 18, and 21 of this Complaint herein.

32. The aforesaid unauthorized use of each of Defendants' Counterfeit 7 ELEVEN name and mark dilutes the distinctiveness of both 7-Eleven's 7-ELEVEN name and mark in violation of Georgia's Anti-Dilution Statute, Ga. Code Ann. § 10-1-451(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7-Eleven, Inc. prays that:

Defendants 7 Eleven Family Corporation, 7-Eleven Food Corporation, and each of their directors and officers, including Vaskar Chanda, and each of their respective agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

    a. using the 7 ELEVEN name or mark, for convenience stores or related products or services;

    b. using any name, mark, logo, or other trade identity consisting in whole or in part of the numerals "7"

11

or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

    c.   using any other name, mark or logo which consists, in whole or in part, of a numeral or a written out number, followed by another numeral or written out number, for convenience store or related services or products;

    d.   using any other name, mark or logo which uses as a prominent element thereof any numeral, design or other graphic intersected by another numeral or a word, design or other graphic; for convenience store or related services or products;

    e.   using any other name, mark or logo displayed in any color combination which includes more than one of the colors red, orange, green or white, for convenience stores or other related products or services;

    f.   using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, for convenience store services or for related products or services;

    g.   doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

12

    h.    doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-ELEVEN name and mark; and

    i.    aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (h) above.

33.    The Defendants, jointly and severally, be required to pay to 7-Eleven the following:

    a.    in accordance with 15 U.S.C. § 1117(c), statutory damages in the amount of $2,000,000.00 (two million dollars);

    b.    in accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of Defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by Defendants from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

    c.    in accordance with Ga. Code Ann. § 10-1-373, 7-Eleven's costs, including reasonable attorney's fees;

    d.    in accordance with the common law of the State of Georgia, restitution and actual damages suffered as a result of Defendants' acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

4830-1355-5487.1

34. The Defendants be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the Counterfeit 7 ELEVEN name or mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, and all plates, models, matrices, and other means of making the same.

35. The Defendants be required, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and serve upon 7-Eleven, within forty-five (45) days from the date judgment is entered by the Court, a sworn writing or other Declaration setting forth in detail the manner and form in which the Defendants have complied with the terms of the Court's Order, including color photographs depicting such compliance.

36. 7-Eleven have such other and further relief as the Court deems just and equitable.

Dated:  November 3, 2014　　　　Respectfully submitted,

7-ELEVEN, INC.


By:  /s/ David C. Hanson
　　　Paul E. Weathington
　　　Georgia Bar No. 743120
　　　David C. Hanson
　　　Georgia Bar No. 940508
**WEATHINGTON SMITH, P.C.**
191 Peachtree St. NE, Suite 3900
Atlanta, GA 30303
Tel: 404.524.1600
Fax: 404.524.1610
PWeathington@weathingtonsmith.com
DHanson@weathingtonsmith.com

***Attorneys for Plaintiff,***
***7-Eleven, Inc.***

Charles R. Mandly, Jr
   (pro hac vice anticipated)
R. Spencer Montei
   (pro hac vice anticipated)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60654

Telephone: 312-832-4500
Facsimile: 312-832-4700

OF COUNSEL